UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY JOHNSON, | : | Case No. 3:25-CV-84 (SVN) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| SYED JOHAR NAQVI, *et al.*, | : | |
| *Defendants*. | : | February 25, 2026 |

## **INITIAL REVIEW ORDER**

*Pro se* plaintiff Gregory Johnson, a sentenced[1] inmate currently incarcerated at MacDougall-Walker Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. The Complaint names twenty-nine Defendants: Syed Johar Naqvi, Byron Kennedy, Jennifer Cruz, Katherine O'Keefe, Caroline, Jasmine Rivera, Paulette Simon, Sengchanh Vilayvong, Jennifer aka "Jenny," Janett Markland-White, Debbie Lembrick, Eneida Anderson, Adam Cummings, Vivane Martell, Jericka Baez, Julio Rodriguez, Marjorie Korzeb, Colleen Gallagher, Tammy Ryan, Landolina, Mangiafico, Tawanna Furtick, Caitlyn McDonagh, Caitlyn McDonagh, Jane Doe, Angel Quiros, Jesus Guadarrama, Ostheimer, and Celeste Delgado. Plaintiff sues Defendants in their individual and official capacities.

In his introduction, Plaintiff states he asserts the following claims: (1) unconstitutional conditions of confinement; (2) deliberate indifference to serious medical needs; (3) denial of access to medical records; (4) deprivation of mental health care and treatment; (5) violation of the

---

[1] Information on the Department of Correction website shows that Plaintiff was sentenced on November 13, 1998, to a term of imprisonment of 56 years and six months. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=128262 (last visited February 24, 2026). The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-CV-1425 (KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

Americans with Disabilities Act; and (6) violation of the Protection and Advocacy for Individuals with Mental Illness Act.  ECF No. 1 at 2.  In his "legal claims" section, Plaintiff states he asserts the following additional claims: (7) First Amendment retaliation; (8) denial of his right to equal protection under the state and federal constitutions; (9) negligent infliction of emotional distress; and (10) violation of the Rehabilitation Act.  *Id.* at 60–61.  Plaintiff seeks compensatory and punitive damages and various forms of injunctive relief.  *Id.* at 62.

## I.   LEGAL STANDARD FOR INITIAL REVIEW ORDERS

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[2]  Based on this initial review, the Court orders as follows.

## II.   DISCUSSION

The Court concludes that Plaintiff must amend his complaint because it does not comply

---

[2] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).  Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard.  *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint that includes only "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

with Rules 8 and 20 of the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (citation omitted). "Neither this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought." *Fisch v. Consulate Gen. of Republic of Pol.*, No. 11 CIV. 4182 (SAS), 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011). Nor is it the Court or Defendants' duty to "sift through the [c]omplaint and guess which factual allegations support which claims." *Infanti v. Scharpf*, No. 06 CV 6552 (ILG), 2008 WL 2397607, at *2 (E.D.N.Y. June 10, 2008) (internal quotation marks and citation omitted).

Plaintiff's complaint is 63 pages long, containing 373 paragraphs in its statement of facts alone. Though there are "no numerical touchstones for what constitutes a 'short and plain statement,'" *Rodriguez v. Trs. of Columbia Univ. in the City of N.Y.*, No. 03 CIV. 4072 (TPG), 2006 WL 2521323, at *3 (S.D.N.Y. Aug. 30, 2006), the Second Circuit has affirmed dismissal of complaints shorter than Plaintiff's Complaint. *See*, *e.g.*, *Salahuddin*, 861 F.2d at 43 (holding there was "no doubt" that a complaint containing 15 pages and 88 paragraphs "failed to comply with Rule 8's 'short and plain statement' requirement" and was appropriately dismissed); *Mendes Da*

*Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (affirming *sua sponte* Rule 8 dismissal of "convoluted" 50-page complaint with only "some factual allegations" and hundreds of pages of exhibits); *Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (summary order) (stating that "[t]he District Court acted within the bounds of permissible discretion in dismissing the second amended complaint for noncompliance with Rule 8(a)" because "[t]he pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain"); *Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 32 (2d Cir. 2008) (summary order) (affirming dismissal of a 58-page, single-spaced *pro se* complaint with 87 additional pages of attachments, alleging over 20 separate causes of action against more than 40 defendants for failure to meet the "short and plain statement" requirement of Rule 8).

The Court recognizes that "[v]erbosity alone does not require dismissal under Rule 8." *Rodriguez*, 2006 WL 2521323, at *3. But in addition to being too long, the structure of Plaintiff's complaint is too difficult to follow, necessitating dismissal. *Salahuddin*, 861 F.2d at 42 (dismissal is warranted where the complaint is "so confused, ambiguous, vague, or otherwise intelligible that its true substance, if any, is well disguised"). First, the 373-paragraph statement of facts does not describe events in chronological order. Plaintiff begins his statement of facts describing his transfer to Corrigan Correctional Center on May 2, 2024, but he eventually digresses into describing events dating back to 2020. *See, e.g.*, ECF No. 1 at 18, 19. And Plaintiff describes events occurring between 2020 and 2024 in no particular order. Second, this lengthy description of largely unrelated events occurring over a period of months or years is punctuated by headings that the Court construes as an attempt to identify possible claims. Yet those possible claims often do not correspond with the claims Plaintiff identifies in his introduction or "legal claims" section. For instance, he includes a heading of "Discrimination, Delay and Interference" on page 18, and

4

then discusses being denied access to the courts on that page, but he does not appear to allege a claim for violation of his right to access the courts.  And the facts listed under each heading are often unrelated to the heading topic.  As a result, even when liberally construing the complaint to raise the strongest arguments it may suggest, *see Sykes*, 723 F.3d at 403, the Court cannot readily connect Plaintiff's allegations to his claims or all of the Defendants he names.

The Court is sensitive to the many difficulties that Plaintiff may have endured as a prisoner with medical and mental health issues, but his complaint must take a form that allows the Court to discern his allegations and allows Defendants to respond to them. As currently constituted, Plaintiff's complaint does not meet Rule 8's requirements.  *See*, *e.g.*, *Melvin v. Conn.*, No. 3:16-CV-537 (RNC), 2016 WL 3264155, at *2 (D. Conn. June 14, 2016) (concluding that 48-page complaint containing 94 paragraphs, which was "not divided into separate counts" and "merely provide[d] a lengthy description of events and a list of possible claims,"  was neither "short and plain," nor "simple, concise, and direct" under Rule 8); *Townsend v. Corr. Off. Muckle*, No. 3:17-CV-900 (SRU), 2017 WL 5606745, at *3 (D. Conn. Nov. 21, 2017) (concluding that 71-page complaint containing 328 paragraphs, which "include[d] at least eight different federal claims and five different state law claims" and "refer[ed] to incidents that occurred at three different correctional facilities over a two-year period" was neither "short and plain" nor "simple"); *Gonzalez v. Maurer*, No. 3:17-CV-1402 (MPS), 2018 WL 401527, at *4 (D. Conn. Jan. 12, 2018) (concluding that 18-page amended complaint containing 56 paragraphs, which "assert[ed] at least four different federal claims and two state law claims" and "refer[ed] to incidents that occurred at multiple prison facilities as well as UCONN over an eight-year period" was neither "short and plain" nor "simple").

Plaintiff's complaint does not comply with Rule 20, either.  Federal Rule of Civil Procedure 20 permits joinder of multiple defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A).  "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis."  *Dixon v. Scott Fetzer Co.*, 317 F.R.D. 329, 331 (D. Conn. 2016) (citation and internal quotation marks omitted).  As the Second Circuit has observed in the Rule 13 context, whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claim and "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

The second requirement—that a question of law or fact common to all defendants arises in the action—is met where "the court finds that there is 'substantial' overlap in questions of law or fact across the claims."  *Ardolf v. Weber*, 332 F.R.D. 467, 479 (S.D.N.Y. 2019) (citing *Wilson-Phillips v. Metro. Transp. Auth.*, No. 18-CV-417 (VEC), 2018 WL 5981736, at *1 (S.D.N.Y. Nov. 14, 2018)).  The mere fact that the same constitutional provisions or statutes may be at issue in two or more claims is not enough to render the claims sufficiently related for purposes of joinder; rather, where a plaintiff's claims under the same constitutional or statutory framework "arise from different circumstances and would require separate analyses," the claims are not logically related.  *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 264 (D. Conn. 2012).

Plaintiff's complaint alleges claims against 29 Defendants.  Plaintiff variously alleges that he was denied medical and mental health treatment, medication, and medical devices; that medical

6

staff destroyed lab specimens and destroyed or altered medical records; that prison officials threatened him with force; that prison officials did not provide appropriate physical and mental therapy; that prison officials denied him a special mattress; that prison officials denied him a special diet or gave him food that made him sick; that medical staff retaliated against him; and that prison officials restricted his ability to file grievances and denied him access to the courts. These allegations are not "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris*, 571 F.2d at 123.

Misjoinder of multiple defendants is a particular concern in prisoner-initiated cases like this one "because of the applicability of the three strikes and filing fee provisions of the Prison Litigation Reform Act." *Urbanski v. Dep't of Corr.*, No. 3:18-CV-1323 (VLB), 2019 WL 6683047, at *8 (D. Conn. Dec. 5, 2019) (collecting cases). *Jones v. Howard*, No. 3:15-CV-997 (VAB), 2015 WL 4755751, at *4 n.2 (D. Conn. Aug. 11, 2015) (noting "concern[s] that prisoners will try to avoid the filing fee and "three strikes" provisions of the Prison Litigation Reform Act (PLRA) by joining claims in one complaint that really should be filed in separate actions which require separate filing fees and would count as separate "strikes" if dismissed on certain grounds." (quoting John Boston & Daniel E. Manville, *Prisoners' Self–Help Litigation Manual* 348 (4th ed. 2010)). Because Plaintiff has filed many suits in this District,[3] the concerns noted by the courts in *Urbanski* and *Jones* apply with equal force here—especially where Plaintiff previously filed a prolix complaint that was similarly deficient.

---

[3] "The Court may take judicial notice of its own records." *Barletta v. Quiros*, No. 3:22-CV-01110 (SALM), 2023 WL 2687285, at *2 (D. Conn. Mar. 29, 2023) (citing *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498–99 (2d Cir. 2014)). Plaintiff's cases include *Johnson v. Ruiz*, 3:11-CV-542 (JCH); *Johnson v. Semple*, 3:18-CV-1881 (JCH); *Johnson v. Harrington*, No. 3:19-CV-1092 (JCH); *Johnson v. Mulligan*, 3:19CV-1297 (JCH); *Johnson v. Quiros*, 3:22-CV-1311 (VAB); *Johnson v. Gagne*, 3:23-CV-1072 (SVN); *Johnson v. State of Conn.*, 3:24-CV-728 (SVN); and *Johnson v. DOC*, 25-CV-1308 (SVN).

In one of Plaintiff's other lawsuit pending before this Court—*Johnson v. Gagne*, No. 3:23-CV-01072 (SVN)—the Court entered an initial review order requiring Plaintiff to file an amended complaint for the same reasons it does here. *See id.,* Initial Review Order, ECF No. 31. As in that case, which involved a lengthy list of unrelated claims against 117 Defendants, *see id.*, the wide-ranging claims asserted in Plaintiff's complaint filed in this case are topically and temporally unrelated. The Court has since severed many of Plaintiff's claims from that action. *See id.*, Order, ECF No. 295. Similarly here, as the claims arise from different series of events and would involve different law and facts, it is inappropriate to assert all claims in one action. *See Costello*, 888 F. Supp. 2d at 264 (severance may be appropriate when claims "arise from different circumstances and would require separate analyses"); *see also Staton v. Lamont*, No. 3:22-CV-854 (VLB), 2022 WL 17251863, at *4 (D. Conn. Nov. 28, 2022); *Ibbison v. Quiros*, No. 22-CV-1163 (SVN), 2023 WL 1766440, at *8 (D. Conn. Feb. 3, 2023) (severing counts that involve different defendants who were not alleged to act jointly); *Jusino v. Quiros*, No. 3:21-CV-620 (SRU), 2021 WL 5111908, at *4 (D. Conn. Nov. 3, 2021) (severing count based on events that occurred before and were unrelated to events underlying other counts of the complaint). Thus, the asserted claims appear to be improperly joined and many of them are subject to severance under Federal Rule of Civil Procedure 21. For these reasons, the Court does not reach the substance of the allegations in the complaint, and will instead require Plaintiff to submit an amended complaint before engaging in a full initial review under Section 1915A.

## ORDERS

Plaintiff is directed to file an amended complaint that complies with Federal Rules of Civil Procedure 8 and 20. The amended complaint shall assert **only claims arising from a single** transaction, occurrence, or series of transactions and occurrences, **and name as defendants only**

**those persons involved in that claim**.  For instance, Plaintiff may choose to pursue his Eighth Amendment claim related to a specific medical issue, and name those Defendants who are involved in that issue alone.  Plaintiff may assert his other claims in separate actions.

Any amended complaint shall be filed by **March 25, 2026**.

SO ORDERED at Hartford, Connecticut, this 25th day of February, 2026.

                                                 */s/ Sarala V. Nagala*
                                                SARALA V. NAGALA
                                                UNITED STATES DISTRICT JUDGE